UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZION ALEXANDER,<br><br>                      Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK; OFFICER DELORES MOSAURIETA,<br><br>                      Defendants. | 24-CV-8083 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained in the George R. Vierno Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights when he was arrested, searched, and detained in Queens County, New York. Named as Defendants are the City of New York and Officer Mosaurieta of the New York City Police Department's ("NYPD") 108th Precinct in Long Island City, Queens County, New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights when he was arrested and detained in Queens County, New York. Queens County falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Plaintiff does not provide a residential address for Officer Mosaurieta; he instead provides only Officer Mosaurieta's work address at the NYPD's 108th Precinct. Because Officer Mosaurieta, as a NYPD officer, likely resides in the City of New York or a few surrounding counties, venue is likely proper under Section 1391(b)(1) in both this District and the Eastern District of New York.[1] Even if venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Queens County, venue would also be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

---

[1] This judicial District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

The City of New York is considered a resident of both this District and Eastern District of New York for venue purposes.

2

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Queens County, where Officer Mosaurieta is employed, and it is reasonable to expect that the relevant documents and witnesses also would be in Queens County. Moreover, Plaintiff's criminal proceedings arising from the arrest described in the complaint are pending in the Queens Supreme Criminal Court. *See People v. Alexander*, IND-74097-23/001 (Queens Sup. Crim. Ct.) The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  October 29, 2024
        New York, New York

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge