UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ZION ALEXANDER,

Plaintiff,

v.

THE CITY OF NEW YORK, *et al.*,

Defendants.

------------------------------------------------------------------x

***SUA SPONTE* REPORT AND RECOMMENDATION**

24-CV-7765
(Gujarati, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

*Pro se* Plaintiff Zion Alexander brings this action pursuant to 42 U.S.C. § 1983 against Defendants City of New York (the "City") and New York City Police Officer Dolores Mosurieta[1] (collectively, "Appearing Defendants"), as well as Building Manager Damir Mujahodzic and Queens County Assistant District Attorney Danielle Catinella (collectively, "Non-Appearing Defendants"). As discussed below, the undersigned *sua sponte* respectfully recommends that Appearing Defendants' motion to dismiss for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure (Dkt. Nos. 41, 51) be granted in part, and that this action be dismissed without prejudice for failure to prosecute.

As the undersigned respectfully recommends that this action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure, the undersigned also *sua sponte* respectfully recommends that Appearing Defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 41) be dismissed as moot.[2]

[1] The Amended Complaint spells this defendant's name as "Delores[] Mosaurieta." Dkt. No. 10. The Office of the Corporation Counsel, however, spells her name as "Dolores Mosurieta." Dkt. No. 51. The undersigned uses the latter spelling consistent with the Office of the Corporation Counsel's spelling of its own client's name.

[2] The Court extends its gratitude to Jose Wray, a judicial intern who is a second-year law student at Boston College Law School, for his research in connection with this Report and Recommendation.

## I. Relevant Background

The Court presumes the parties' familiarity with the underlying facts in this action. In short, Plaintiff alleges civil rights violations stemming from his arrest in Queens, New York on October 19, 2023. *See* Dkt. No. 10 at 2-3.[3]

On October 21, 2024, Plaintiff initially filed this action in the U.S. District Court for the Southern District of New York against Appearing Defendants, along with a request to proceed *in forma pauperis*. *See* Dkt. No. 1 at 1-3; Dkt. No. 2. At the time of filing, Plaintiff was a pretrial detainee at the George R. Vierno Center ("GRVC") at Rikers Island. *See id.* On October 28, 2024, the Clerk of Court for the Southern District of New York served Plaintiff with a Standing Order that directed Plaintiff "to inform the court of each change in their address or electronic contact information." Mailing Receipt, dated Oct. 28, 2024; Dkt. No 4.

On October 29, 2024, this action was transferred to this District. Dkt. No. 5 at 1. On December 3, 2024, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and authorized the issuance of summons and service of process without prepayment of fees. Text Order, dated Dec. 3, 2024. Summonses were issued on December 3, 2024. Dkt. No. 9. The following day, Plaintiff filed an Amended Complaint, which added Non-Appearing Defendants. Dkt. No. 10 at 2-3. In January 2025, summonses of the original Complaint for Appearing Defendants were returned executed. Dkt. Nos. 11, 12.[4]

On January 17, 2025, the City filed a motion to stay this civil action "pending the resolution of [P]laintiff's criminal matter" in the Supreme Court of the State of New York, Queens County, Criminal Term. Dkt. No. 13. The Court granted the stay "pending disposition of Plaintiff's

---

[3] Page citations are to the ECF-stamped pages.

[4] It does not appear that Non-Appearing Defendants were served with the Amended Complaint.

criminal case." Text Order, dated Jan. 17, 2025. Plaintiff was served with a copy of the Order granting the stay. Dkt. No. 16. By letter filed on February 12, 2025, Plaintiff requested reconsideration of the Court's January 17, 2025 Order imposing the stay. Dkt. No. 17. On February 24, 2025, the City informed the Court that Plaintiff had been committed to mental health detention since January 21, 2025 and that his criminal trial would be scheduled after his release from mental health detention. Dkt. No. 20. By letter filed on March 21, 2025, Plaintiff filed another motion to reconsider the imposition of the stay. Dkt. No. 22.

On March 31, 2025, the Court denied Plaintiff's motions for reconsideration of the January 17, 2025 Order imposing the stay. Text Order, dated Mar. 31, 2025. Plaintiff was served with a copy of the Order. Dkt. No. 24.

On October 3, 2025, the City filed a letter informing the Court that Plaintiff was found fit to continue his criminal case. Dkt. No. 30 at 2. The City also informed the Court that "[P]laintiff has now been transferred back to [New York City Department of Correction] custody since August 25, 2025, and is currently housed at the [GRVC]." *Id.*

On November 3, 2025, the City filed a letter informing the Court that Plaintiff "was sentenced to two-to-four years' incarceration on October 22, 2025 after pleading guilty to Burglary in the Third Degree." Dkt. No. 31 at 1. The City added that Plaintiff remained housed at the GRVC, as he was still awaiting trial on a separate criminal proceeding. *Id.* at 1-2. On the same day, the Court ordered that "Defendants shall file a letter by November 21, 2025 with proposed next steps in this action and the related actions." Text Order, dated Nov. 3, 2025.

In a letter filed on November 21, 2025, the City requested that the case no longer be stayed and stated that the City intended to move to dismiss Plaintiff's claims. Dkt. No. 32 at 2. On the same date, the Court lifted the stay and directed the City to file a proposed briefing schedule for

the City's anticipated motion to dismiss. Text Order, dated Nov. 21, 2025. The City served Plaintiff with a copy of the November 21, 2025 Order at GRVC. Dkt. No. 33.

On November 25, 2025, the Court directed the parties to separately file letters regarding whether this action should be consolidated with a parallel action then-pending in this District, *Alexander v. City of New York*, No. 25-CV-1205 (DG) (JAM) ("*Alexander II*") by December 5, 2025. Text Order, dated Nov. 25, 2025. The Clerk of Court mailed a copy of the November 25, 2025 Order to Plaintiff at GRVC, which was subsequently returned to sender. *Id.*; Dkt. No. 38. On December 5, 2025, the City filed a letter opposing consolidation. Dkt. No. 34. Plaintiff did not file a response to the Court's Order, and the Court denied consolidation at that juncture. Text Order, dated Dec. 15, 2025. The City served a copy of the December 15, 2025 Order on Plaintiff at GRVC. Dkt. No. 35.

Pursuant to the Court-approved briefing schedule, on March 16, 2026, Appearing Defendants filed their motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) and for failure to prosecute pursuant to Rule 41(b). Dkt. No. 41. Appearing Defendants' notice of motion included a footnote disclosing their belief that "[P]laintiff was transferred to Ulster Correction[al] Facility from New York City Department of Correction custody on December 12, 2025." *Id.* at 2 n.1. Although Plaintiff had not updated his address on the docket, Appearing Defendants served Plaintiff with the motion to dismiss at the GRVC, as well as at the Ulster Correctional Facility by First-Class Mail. *Id.* at 2; Dkt. No. 40.

On March 16, 2026, Appearing Defendants notified the Court that Plaintiff failed to oppose the motion and never contacted counsel regarding an extension of time to serve an opposition. Dkt. No. 45. Appearing Defendants' March 16, 2026 letter also contains a footnote stating that, "[u]pon information and belief, [P]laintiff was transferred to Fishkill Correction[al] Facility on

February 24, 2026." *Id.* at 2 n.1. Appearing Defendants requested "that the Court deem defendants' motion to dismiss the Amended Complaint fully briefed and adjudicate the motion as unopposed." *Id.* at 2. Appearing Defendants served the March 16, 2026 letter on Plaintiff at GRVC and Fishkill Correctional Facility. *Id.*

On April 3, 2026, the Court issued the following order, in relevant part:

> By April 15, 2026, *pro se* Plaintiff shall file a letter informing the Court as to whether it opposes Defendants' motion to dismiss [Dkt. No.] 41. Failure to respond may result in a report and recommendation that this action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Defendants shall serve a copy of this Order on *pro se* Plaintiff and file proof of service by April 6, 2026.

Text Order, dated Apr. 3, 2026. The April 3, 2026 Order was served on Plaintiff at GRVC and the Fishkill Correctional Facility. Dkt. No. 46.

Plaintiff failed to respond by the deadline, and on April 21, 2026, the Court gave Plaintiff "one final opportunity to file a letter informing the Court as to whether it opposes Defendants' motion to dismiss [Dkt. No.] 41 by April 29, 2026." Text Order, dated Apr. 21, 2026. The Court also noted that "[f]ailure to respond will likely result in a sua sponte report and recommendation that this action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)." *Id.* On April 22, 2026, Appearing Defendants represented that Plaintiff "was transferred to Woodbourne Correctional Facility on April 17, 2026." Dkt. No. 47 at 1 n.1. They served the Court's April 21, 2026 Order at both GRVC and Woodbourne Correctional Facility. *Id.*

On April 27, 2026, Plaintiff appeared for a telephonic initial conference in *Alexander II*.[5] *See* Text Order, dated Apr. 27, 2026. At that conference, the Court "reminded Plaintiff that he must update his address with the Court and noted his outstanding response in" the present action, and extended Plaintiff's deadline to respond to the City's motion to dismiss to May 11, 2026. *Id.* The

[5] *Alexander II* has since been transferred to the U.S. District Court for the Southern District of New York.

Clerk of Court mailed a copy of the April 27, 2026 Order to Plaintiff at the Woodbourne Correctional Facility. *Id.*

On May 13, 2026, the Court entered the following order:

> At the April 27, 2026 telephonic conference, the Court sua sponte extended Plaintiff's deadline to respond to Defendants' motion to dismiss [Dkt. No.] 41 until May 11, 2026, and warned that Plaintiff must respond to Defendant's motion or this case may be dismissed. No such document has been filed. Pro se Plaintiff is given one final opportunity to respond to Defendants' motion to dismiss at Dkt. No. 41 by May 20, 2026. Failure to respond will likely result in a sua sponte report and recommendation that this action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Defendants are directed to serve a copy of this order on *pro se* Plaintiff and file proof of service by May 14, 2026.

Text Order, dated May 13, 2026. The May 13, 2026 Order was served on Plaintiff at Woodbourne Correctional Facility. Dkt. No. 48.

On June 3, 2026, the Court entered the following order:

> At the April 27, 2026 telephonic conference, the Court sua sponte extended Plaintiff's deadline to respond to Defendants' motion to dismiss [Dkt. No.] 41 until May 11, 2026, and warned that Plaintiff must respond to Defendant's motion or this case may be dismissed. No such document was filed. On May 13, 2026, pro se Plaintiff was given one final opportunity to respond Defendants' motion to dismiss [Dkt. No.] 41 by May 20, 2026, and was warned that the failure to respond will likely result in a sua sponte report and recommendation that this action be dismissed for failure to prosecute. No such document was filed.
>
> In light of Plaintiff's pro se status, Plaintiff is given one more opportunity to respond to Defendants' motion to dismiss [Dkt. No.] 41 by June 15, 2026. Plaintiff is yet again cautioned that the failure to respond will result in a sua sponte report and recommendation that this action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Defendants are directed to serve a copy of this order on pro se Plaintiff and file proof of service by June 4, 2026.

Text Order, dated June 3, 2026. Appearing Defendants served this Order on Plaintiff at Woodbourne Correctional Facility. Dkt. No. 49.

On June 27, 2026, in light of Plaintiff's repeated failures to comply with court orders, the Court ordered Defendants to file a letter-motion to dismiss for Plaintiff's failure to prosecute this

action. Text Order, dated June 27, 2026. In their Declaration of Service by mail for the Court's June 27, 2026 Order, Appearing Defendants notified the Court that Plaintiff "appears to have been conditionally released from Woodbourne Correctional Facility on June 16, 2026." Dkt. No 50 at 1 n.1. Plaintiff did not update his address with the Court after his release. *See id.* ("[T]his Office is not aware of any current mailing address for plaintiff after his release"). Appearing Defendants served Plaintiff with a copy of the June 27, 2026 Order at Woodbourne Correctional Facility, his last-known address. *Id.*

On July 6, 2026, Appearing Defendants filed their motion to dismiss for failure to prosecute pursuant to Rule 41(b) and served Plaintiff at his last-known address at the Woodbourne Correctional Facility. Dkt. No. 51.

On July 23, 2026, having independently discovered that Plaintiff filed a notice of change of address in a separate action pending in the Southern District of New York, the undersigned issued the following order:

> *Pro se* Plaintiff filed a notice of change of address after his release from Woodbourne Correctional Facility in No. 24-CV-8084 pending in SDNY. By July 31, 2026, Plaintiff shall file a letter with the Court indicating whether he intends on proceeding with this action. Failure to comply **will** result in a sua sponte report and recommendation for failure to prosecute. Defendants shall serve a copy of this order on pro se Plaintiff at the following address and email address and file proof of service by July 24, 2026.
>
> Plaintiff is reminded that "[t]he duty to inform the Court and defendants of any change of address is an obligation that rests with all pro se plaintiffs." *Lovelace v. Wells Fargo Bank, NA*, 348 F.R.D. 404 (E.D.N.Y. 2025) (citation omitted).
>
> Zion Alexander
> 80-45 Winchester Blvd.
> Building # 66
> CBU # 212
> Queens Village, NY 11427
> Email: Alexanderzion108@gmail.com

Text Order, dated July 23, 2026.

The following day, the undersigned scheduled a telephone conference for July 27, 2026, to discuss the pending motions at Dkt. Nos. 41 and 51. Scheduling Order, dated July 24, 2026. On the same day, Appearing Defendants served copies of the July 23, 2026 Text Order and the July 24, 2026 Scheduling Order by mail and email on Plaintiff. Dkt. No. 52. On July 27, 2026, the undersigned held the telephone conference, in which counsel for Appearing Defendants appeared. *See* Text Order, dated July 29, 2026. Again, Plaintiff did not appear.

On July 29, 2026, in light of Plaintiff's failure to appear at the July 27, 2026 conference, the Court vacated the July 23, 2026 order related to Plaintiff's July 31, 2026 deadline, and noted that the present *sua sponte* report and recommendation was forthcoming. Scheduling Order, dated July 29, 2026.

To date, the Court has not received any correspondence or a notice of change of address from Plaintiff indicating that he is no longer at the Woodbourne Correctional Facility.

## II. Discussion

### A. Legal Standard

Rule 41(b) provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *Martinez v. McMillan*, No. 25-CV-918 (ENV) (JAM), 2026 WL 318858, at *5 (E.D.N.Y. Feb. 6, 2026) (quoting Fed. R. Civ. P. 41(b)), *report and recommendation adopted*, Text Order, dated Feb. 23, 2026. "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte." *Nielsen v. J.C. Penny Co., Inc.*, No. 23-CV-5619 (JGLC) (HJR), 2025 WL 868495, at *2 (S.D.N.Y. Mar. 20, 2025) (citation omitted), *report and recommendation adopted*, 2025 WL 1265807 (S.D.N.Y. Apr. 30, 2025), *dismissing appeal*, 2025 WL 3230517 (2d Cir. Oct.

15, 2025). While a district court's power to dismiss an action is inherent and dismissal under Rule 41(b) is subject to the discretion of the district court, the Second Circuit has stated that a Rule 41(b) dismissal is a "'harsh remedy that should be utilized only in extreme situations,' especially when dismissal is with prejudice or when a *pro se* litigant's claim is dismissed for failure to prosecute." *Martinez*, 2026 WL 318858, at *5 (first quoting *Mayanduenas v. Bigelow*, 849 F. App'x 308, 310 (2d Cir. 2021); and then quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court "considering a Rule 41(b) dismissal must weigh five factors." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Specifically, the district court must weigh:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* (citing *Nita v. Conn. Dep't of Env't. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).

The Second Circuit has held that district courts should generally afford *pro se* litigants "special solicitude." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citations omitted). Nonetheless, "[d]ismissal of a *pro se* litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.'" *Id.* (citation omitted); *see also Martinez*, 2026 WL 318858, at *5 ("While the Second Circuit has cautioned that 'pro se plaintiffs should be granted special leniency regarding procedural matters,' courts in this district have recognized that 'even *pro se* litigants must prosecute claims diligently, and

dismissal with prejudice is warranted where the Court gives warning.'" (quoting *Zeigler v. Annucci*, No. 23-CV-707 (KMK), 2025 WL 1056904, at *2 (S.D.N.Y. Apr. 8, 2025)).

### B. Analysis

Here, all five of the *Baptiste* factors weigh in favor of dismissal.

The first factor focuses on whether the failure to prosecute was of a significant duration. *See Martens v. Thomann*, 273 F.3d 159, 180-81 (2d Cir. 2001). Here, Plaintiff has failed to prosecute this action for over sixteen months—since March 21, 2025, the date that he last filed a letter on the docket. *See* Dkt. No. 22 (Plaintiff's last docket entry, filed March 21, 2025); Dkt. No. 51 at 3 (Appearing Defendants informing the Court that "[P]laintiff has only appeared on the docket twice, on February 12, 2025 and March 21, 2025, and at the conference held on April 27, 2026 in another matter where this case was discussed" (citing Dkt. Nos. 17, 22; Text Order, dated Apr. 27, 2026)). Plaintiff has also repeatedly failed to respond to the Court's orders for over six months, notwithstanding that the Court *sua sponte* extended his deadline five times. *See* Text Order, dated Apr. 3, 2026; Text Order, dated Apr. 21, 2026; Text Order, dated Apr. 27, 2026; Text Order, dated May 13, 2026; Text Order, dated June 3, 2026. Plaintiff's repeated failure to comply with Court orders serves as a basis to dismiss under Rule 41. *See Hickman v. Legal Aid Soc'y*, No. 19-CV-5294 (AT) (RWL), 2020 WL 4549207, at *3 n.2 (S.D.N.Y. June 26, 2020) ("Although Hickman's failure to respond to the Motion to Dismiss alone is not a basis for dismissal, his failure to respond to the Court's Order to Show Cause is a sufficient basis to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."), *report and recommendation adopted*, 2020 WL 4547224 (S.D.N.Y. Aug. 6, 2020). And, even if the Court were to recognize Plaintiff's appearance on April 27, 2026 in a separate action (*Alexander II*), Plaintiff has still been noncompliant for over ninety days.

In this Circuit, even a delay of a few months can warrant dismissal. *See, e.g.*, *Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) ("Case law also supports a conclusion that a 49-day delay could be significant and could weigh in favor of dismissal" for failure to prosecute under Rule 41(b) (citation omitted)); *Prophete v. N.Y.C. Health & Hosps.*, No. 23-CV-11117 (RA), 2025 WL 315958, at *2 (S.D.N.Y. Jan. 28, 2025) (finding dismissal appropriate when plaintiff had been unresponsive for three months); *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Toliver v. Okvist*, No. 10-CV-5354 (DAB) (JCF), 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (recommending dismissal of a case under Rule 41(b) where the plaintiff's response to a court order was five weeks overdue), *report and recommendation adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015). Plaintiff's *pro se* status does not excuse his noncompliance with court orders. *See Agiwal*, 555 F.3d at 302 ("[A]ll litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice" (citation omitted)); *Gibson v. City of New York*, No. 21-CV-4251 (GHW) (BCM), 2022 WL 3566493, at *2 (S.D.N.Y. Aug. 3, 2022) ("[L]ike all litigants, *pro se* parties 'have an obligation to comply with court orders. When they flout that obligation they . . . must suffer the consequences of their actions.'" (citation omitted)), *report and recommendation adopted*, 2022 WL 3549875 (S.D.N.Y. Aug. 18, 2022). In sum, whether measured from Plaintiff's last activity in this action (over sixteen months ago), Plaintiff's failure to comply with court orders (over six months), or Plaintiff's last appearance in *Alexander II* (over ninety days), the duration of Plaintiff's failure to prosecute is significant. Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, the Court repeatedly warned Plaintiff that a failure to comply with court orders could result in dismissal. Before Plaintiff's release from incarceration on or about June 16, 2026, the Court warned Plaintiff on four occasions that the failure to comply with Court orders may result in a *sua sponte* report and recommendation that this action be dismissed for failure to prosecute. *See* Text Order, dated Apr. 3, 2026 ("Failure to respond may result in a report and recommendation that this action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)."); Text Order, dated Apr. 21, 2026 ("Failure to respond will likely result in a *sua sponte* report and recommendation that this action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)."); Text Order, dated May 13, 2026 ("Failure to respond will likely result in a *sua sponte* report and recommendation that this action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)."); Text Order, dated June 3, 2026 ("Plaintiff is yet again cautioned that the failure to respond will result in a sua sponte report and recommendation that this action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)."). Such notices alone are sufficient to satisfy the second *Baptiste* factor. *See Hunter v. N.Y. State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (finding that a "layperson would have been put on notice of the possibility of dismissal" upon receiving two notices that an action "could be dismissed for a failure to prosecute"); *see also Rob v. Von Horn*, 808 F. Supp. 3d 505, 529 (E.D.N.Y. 2025) (adopting report and recommendation, and finding notice was sufficient under *Baptiste* as three orders from the court "provided explicit notice to [*pro se* plaintiff] that her failure to prosecute and comply with Court orders would result in dismissal of her case" (citations omitted)).

Moreover, Plaintiff has failed to comply with his duty to keep the Court apprised of his current address. Under the second factor, courts have held that "[t]he duty to inform the Court and

defendants of any change of address is an obligation that rests with all *pro se* plaintiffs." *Lovelace v. Wells Fargo Bank, NA*, 348 F.R.D. 404, 406 (E.D.N.Y. 2025) (internal quotation marks and citation omitted); *see also Francis v. City of New York*, No. 24-CV-2530 (MMG) (RFT), 2026 WL 512703, at *2 (S.D.N.Y. Feb. 5, 2026) ("[W]hen a party changes addresses, it is his obligation to notify the court of his new address" (citations omitted)), *report and recommendation adopted*, 2026 WL 512256 (S.D.N.Y. Feb. 24, 2026); *Long v. Griffin*, No. 18-CV-9654 (NSR), 2022 WL 17325814, at *1 (S.D.N.Y. Nov. 28, 2022) ("The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" (citations omitted)); *Thornton v. Moroney*, No. 13-CV-8912 (ER), 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) ("[R]egardless of whether Plaintiff actually received notice that delay could result in dismissal, it remained [the plaintiff's] duty to diligently pursue his case and to inform this Court[] . . . of any change of address." (citations omitted)). Thus, regardless of whether Plaintiff was on notice—which he was—Plaintiff failed to comply with his duty to apprise the Court of his current address.

Moreover, the Court has reminded Plaintiff on numerous occasions of his duty to inform the Court of any change in address, which Plaintiff has failed to do. *See* Dkt. No. 4 at 1 ("Accordingly, all self-represented litigants are hereby ORDERED to inform the court of each change in their address or electronic contact information."); Text Order, dated Apr. 27, 2026 ("The Court reminded Plaintiff that he must update his address with the Court and noted his outstanding response in 24-cv-7765."). Plaintiff's disregard for that obligation has resulted in the Appearing Defendants bearing the burden of finding out Plaintiff's new addresses and resulted in a court notice being returned to sender. *See* Dkt. No. 38; Dkt. No. 41 at 2 n.1; Dkt. No. 46 at 1 n.1; Dkt. No. 47 at 1 n.1; Dkt. No. 50 at 1 n.1. Finally, on July 23, 2026, the Court independently found Plaintiff's notice of change of address in a separate action pending in the Southern District of New

York; nonetheless, Plaintiff has failed to update his address on the docket. *See* Text Order, dated July 23, 2026. Thus, the second factor favors dismissal.

As to the third factor, Plaintiff's repeated failure to respond or otherwise appear permits the Court to presume as a matter of law that Appearing Defendants will be prejudiced by further delay. "Courts may presume such prejudice where, as here, [plaintiff] has caused an 'unreasonable delay.'" *Wilson v. Doe 1-4*, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022) (citations omitted); *see also Caussade v. United States*, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013) ("Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." (citations omitted)); *Rob*, 808 F. Supp. 3d at 531 (holding, "[w]ith respect to the third *Baptiste* factor, Von Horn's failure to appear allows the Court to presume as a matter of law that defendant will be prejudiced by further delay" (citations omitted)).

The fourth factor also favors dismissal because Plaintiff has been provided with myriad opportunities to be heard but has been unresponsive to the Court for months. "[T]he Court must weigh the administrative burden placed on the Court's docket by stagnant cases . . . , with [plaintiff]'s right to due process and fair chance to be heard." *Rob*, 808 F. Supp. 3d at 531 (citations omitted). "In making this determination, courts look at whether a litigant has been given an opportunity to be heard on the issue of failure to prosecute and compare that to, plaintiff's interest in prosecuting [his] case." *Id.* (internal quotation marks and citation omitted).

Here, the Court repeatedly *sua sponte* extended the time for Plaintiff to file a response with the Court about whether Plaintiff is seeking to oppose Defendant's motion to dismiss and wanred Plaintiff that the failure to respond may result in a *sua sponte* report and recommendation that this action be dismissed for failure to prosecute. Text Order, dated Apr. 3, 2026; Text Order, dated Apr. 21, 2026; Text Order, dated Apr. 27, 2026; Text Order, dated May 13, 2026; Text Order,

dated June 3, 2026. Plaintiff was served with each order. Dkt. Nos. 46, 47, 48, 49, 52; Text Order, dated Apr. 27, 2026. These extensions constituted ample opportunity for Plaintiff to be heard, and his non-responsiveness demonstrates a clear lack of interest in pursuing this case. *See Velt Corp. v. United States*, No. 19-CV-05463 (MKB) (ST), 2020 WL 8413513, at *3 (E.D.N.Y. Dec. 7, 2020) ("The Plaintiff has shown no interest in litigating this case as he has failed to move the case forward and has not so much as filed a status report since the matter's inception more than a year ago," which favors dismissal), *report and recommendation adopted*, 2020 WL 7639962 (E.D.N.Y. Dec. 23, 2020). Plaintiff's repeated, knowing refusal to respond to the Court's orders tips the balance in favor of dismissal, "alleviating the administrative burden and congestion that stagnant cases, such as this one, place on the Court's docket." *Rob*, 808 F. Supp. 3d at 531.

As to the final factor, a lesser sanction is unlikely to be effective in forcing Plaintiff's compliance with Court orders. Courts in this Circuit have found that no sanction less than dismissal is warranted where the plaintiff has "effectively disappeared," and is no longer communicating with the court, despite repeated orders to comply. *Velt Corp.*, 2020 WL 8413513, at *3; *see also Lewis v. Experian Info Sols., Inc.*, No. 23-CV-857 (AMD) (LKE), 2024 WL 4593424, at *3 (E.D.N.Y. Oct. 28, 2024) (explaining that a "lesser sanction is unlikely to remedy the prejudice resulting from [the plaintiff's] delay and failure to comply with court orders" (citation omitted)).

Here, Plaintiff has been warned multiple times about the possibility of dismissal for failure to comply with court orders, and he has not responded to these severe warnings. *See* Text Order, dated Apr. 21, 2026; Text Order, dated May 13, 2026; Text Order, dated June 3, 2026; Text Order, dated June 27, 2026 ("In light of Plaintiff's repeated failures to comply with Court orders, Defendants shall file, by July 3, 2026, a letter-motion to dismiss for Plaintiff's failure to prosecute

under Rule 41(b) of the Federal Rules of Civil Procedure."). Plaintiff's only appearance since March of 2025 has been an appearance at an initial conference in *Alexander II*, where he was reminded of his obligations in the present case—and still proceeded to neglect them. *See* Dkt. No. 51 at 3; Text Order, dated May 13, 2026. Indeed, "[t]here is no reason for this case to languish on the Court's docket or to hang over the head of the Government if [Plaintiff] is unwilling or unable to prosecute it." *Francis*, 2026 WL 512703, at *3 (citation omitted).

At bottom, the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. In light of the evaluation of the five factors above, Plaintiff's non-compliance warrants dismissal of Plaintiff's Amended Complaint pursuant to Rule 41(b).

### C. Dismissal Without Prejudice

Defendants seek dismissal of this action with prejudice. *See* Dkt. No. 51 at 5. Rule 41(b) states, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . —except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

In the context of failure to prosecute motions against *pro se* plaintiffs, however, courts find that "dismissal without prejudice is a less harsh, and more appropriate, sanction." *Campbell v. City of New York*, No. 21-CV-4056 (JLR), 2023 WL 2561510, at *2 (S.D.N.Y. Mar. 17, 2023); *see also Green v. City of Mount Vernon*, No. 22-CV-8554 (CS), 2026 WL 2185639, at *4 (S.D.N.Y. July 29, 2026) ("[B]ecause dismissal with prejudice, especially against a *pro se* litigant, is appropriate 'only when the circumstances are sufficiently extreme,' I find that the 'less drastic sanction' of dismissal without prejudice to be appropriate in this case." (citations omitted)); *In re Ducena*, No. 26-CV-1168 (JLR), 2026 WL 2171794, at *2 (S.D.N.Y. July 28, 2026) (holding that

in an action involving a *pro se* litigant, "the Court has considered a lesser sanction than dismissal with prejudice and finds that dismissal without prejudice is appropriate" (citations omitted)); *Febrianti v. N.Y.C. Health & Hosps.*, No. 23-CV-06175 (JLR) (SDA), 2025 WL 2411982, at *4 (S.D.N.Y. Aug. 1, 2025) ("[D]ue to Plaintiff's *pro se* status, the Court recommends that Plaintiff's claims be dismissed without prejudice." (internal quotation marks citations omitted)), *report and recommendation adopted*, 2025 WL 2411101 (S.D.N.Y. Aug. 20, 2025). "Dismissal without prejudice adequately balances those interests in this case, by serving 'the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order.'" *Wilson*, 2022 WL 2065030, at *2 (quoting *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010)).

Accordingly, the undersigned respectfully recommends that Plaintiff's claims be dismissed *without* prejudice.

## III. <u>Appearing Defendants' Motion to Dismiss</u>

On March 16, 2026, Appearing Defendants filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) and for failure to prosecute under Rule 41(b). Dkt. No. 41. The Rule 12(b)(6) motion argued, *inter alia*, that Plaintiff's claims fail because there was probable cause to arrest Plaintiff, and his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Dkt. No. 44. Plaintiff failed to oppose this motion. Dkt No. 45.

In actions involving an unopposed motion to dismiss and a *pro se* plaintiff's failure to prosecute, courts within this Circuit have dismissed for failure to prosecute rather than for failure to state a claim. *See, e.g.*, *Seabrook v. Janssen Pharms. Inc.*, No. 20-CV-2005 (ER), 2022 WL 3718277, at *1, 3 (S.D.N.Y. Aug. 29, 2022) (dismissing *pro se* plaintiff's action without prejudice for failure to prosecute where the defendants filed an unopposed motion to dismiss under Rule

12(b)(6), and finding that "[b]ecause [the plaintiff] is *pro se*, the Court finds dismissal without prejudice a sufficient sanction at this time" (citations omitted)); *Quinones v. MTA NYC Transit Auth.*, No. 20-CV-10801 (LJL), 2021 WL 5854284, at *1-2 (S.D.N.Y. Dec. 9, 2021) (dismissing the *pro se* plaintiff's action without prejudice for failure to prosecute where the defendant moved to dismiss under Rules 12(b)(1) and 12(b)(6), and the plaintiff did not respond to the motion to dismiss).

Similar to other Courts in this Circuit, the undersigned respectfully recommends that the Court deny Appearing Defendants' motion to dismiss pursuant to Rule 12(b)(6) as moot in light of the above recommendation of dismissal for failure to prosecute. *See, e.g.*, *Moolenaar v. Knapp*, No. 24-CV-8636 (NRM) (TAM), 2026 WL 1535067, at *5 (E.D.N.Y. June 1, 2026) ("[F]ollowing continued silence from Plaintiff[,] the Court dismissed the case for failure to prosecute and dismissed Defendants' motions as moot."); *Lewis v. Experian Info. Sols., Inc.*, No. 23-CV-857 (AMD) (LKE), 2024 WL 4593424, at *3 (E.D.N.Y. Oct. 28, 2024) (denying motion to dismiss as moot, as "the Court dismisses the plaintiff's claims for failure to prosecute without prejudice to refile"); *Cuevas v. Ulmer*, No. 19-CV-4285 (EK) (JRC), 2022 WL 4662169, at *1 (E.D.N.Y. Sep. 30, 2022) (dismissing case due to the plaintiff's failure to prosecute and noting that "Defendants' pending motion to dismiss . . . is denied as moot").

## IV. <u>Non-Appearing Defendants</u>

Because Plaintiff has not prosecuted this action against any defendant, the undersigned *sua sponte* respectfully recommends dismissal of the Amended Complaint against Non-Appearing Defendants. *See, e.g.*, *Nielsen*, 2025 WL 868495, at *2 ("Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua

sponte." (citation omitted)); *Seabrook*, 2022 WL 3718277, at *2 (same); *Whitney*, 2013 WL 618717, at *3 ("[A] district court has the inherent power to manage its own affairs 'so as to achieve the orderly and expeditious disposition of cases.' Consistent with that inherent authority, applicable law explicitly empowers a district court, in the exercise of its sound discretion, to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with these rules or a court order'" (citations omitted)).

## V. **Conclusion**

For the reasons set forth above, the undersigned *sua sponte* respectfully recommends that Appearing Defendants' motions to dismiss for failure to prosecute under Rule 41(b) be granted, in part, and this action be dismissed without prejudice for failure to prosecute. The undersigned also *sua sponte* respectfully recommends that Appearing Defendants' motion to dismiss under Rule 12(b)(6) (Dkt. No. 41) be denied as moot.

Appearing Defendants are directed to serve a copy of this Report and Recommendation on Plaintiff by mail and email at the following address and email address, and file proof of such service on the docket by July 31, 2026.

Zion Alexander
80-45 Winchester Blvd.
Building # 66
CBU # 212
Queens Village, NY 11427
Email: Alexanderzion108@gmail.com

Any objections to this Report and Recommendation must be filed within fourteen (14) days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Gujarati. The "failure to object timely to a [magistrate judge]'s report operates as a waiver of any further judicial review of the

[magistrate judge]'s decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d. Cir. 1989)).

Dated: Brooklyn, New York
July 30, 2026

**SO ORDERED.**

*/s/ Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
United States Magistrate Judge